Zahrobsky et ux. *v.* Westmoreland Coal Company, Appellant.

Argued March 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*James Gregg,* of *Portser, Gregg & McConnell,* for appellant.

*Max M. Bergad,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 20, 1942.

On this appeal from the judgment of the Superior Court in a Workmen's Compensation case the question presented is: Where the Referee and the Compensation Board made an award of $10.00 a week for 500 weeks to the "partially dependent" parents of an employee killed by accident in the course of his employment and the evidence showed that the contributions made by the deceased employee to his parents (with whom he did not reside) did not exceed $30.00 a month (though his average monthly earnings were $146.37); should the provisions of the Workmen's Compensation Act which permits such an award in such a case be declared unconstitutional? Our answer is no.

As we said in *Rich Hill Coal Co. et al. v. Bashore,* 334 Pa. 449, 458, 7 A.2d 302: "The legislature derives its power to enact a Workmen's Compensation Act from Article III, section 21 of the Constitution, being the

amendment adopted November 2, 1915. This constitutional authorization of such an act lays down three fundamental requirements of the act: (1) The compensation which may be required of employers must be 'reasonable.' . . ." Within the limitation of reasonableness, the legislature is constitutionally empowered to fix both maximum and minimum rates of compensation. In discussing this requirement of reasonableness we said in the opinion just cited (p. 459) "If compensation rates are fixed so high that capital does not reap a fair share of reward from these joint endeavors [of capital and labor] or if the rate is fixed so high as to wipe out or unduly encroach on that margin of just return to which capital is entitled, the compensation rate is unreasonable and therefore the act prescribing it is invalid and unconstitutional."

We pointed out further in that opinion that the test of reasonableness when applied to a Workmen's Compensation law was analogous to the test of "fair or reasonable profit" used by the United States Supreme Court in testing the reasonableness of rates charged by the owner of a business dedicated to the public service. The United States Supreme Court has in several instances set aside as confiscatory, orders of the Interstate Commerce Commission so low as *not* to permit a public service company a reasonable return on its investment. See *I. C. Com. v. U. P. R. R. Co.*, 222 U. S. 541, and *Dayton Goose Creek R. Co. v. U. S. Interstate Com. Commission*, 263 U. S. 456. In the latter case Chief Justice TAFT speaking for the Court declared that in considering the reasonableness of rates they must be considered *"as a body"* in a *"rate territory or section"* (italics supplied) and if such rates so considered enable the railroads "to enjoy not more than a fair net operating income on the aggregate value of their properties therein economically and efficiently operated" such rates "are unreasonable from the standpoint of the individual shipper in that section". In other words, the test of reason-

ableness of a rate is not whether it is reasonable in the case of "one individual shipper" but whether the rates *as a body* permit the return of "a fair net operating income". It is the "totality of consequences" which must be considered, as Justice CARDOZO said in discussing the reasonableness of rates on the consumption of gas and whether these rates left with the regulated utility "a revenue something higher than the line of confiscation;" in adjudging such bases courts must fix their gaze on "the level attained": *West Ohio Gas Co. v. Public Utilities Commission of Ohio (No. 1)*, 294 U. S. 63. In the Rich Hill case (supra) we said (p. 492) : "If the compensation required by statute in Pennsylvania makes it impossible for Pennsylvania industries employing wage earners to continue to operate with a reasonable return on the property invested, such a compensation law would have to be adjudged unreasonable as respects those industries. If they normally employ a sufficient number of wage earners to make the destruction of those industries substantially harmful to the body economic of this Commonwealth, the statute in question would have to be adjudged as failing to meet the standard of reasonableness prescribed by Article III, section 21 of the Constitution." It is obvious that the weight of the burden imposed on the state's body economic by a Workmen's Compensation law cannot be determined by the result in the single case of one employee. See *Romig v. Champion B. & F. Co.*, 315 Pa. 97 at 103.

The workman in the instant case *might have* out of his monthly earnings of $146.37 contributed more to his parents than $7.50 a week, the latter being less than 21% of his earnings. That he did not do so is a matter over which the Workmen's Compensation law had no control. If he had given his parents $10.00 a week (as he might have done) the present award would not be subject to the challenge now made though the weight of the award's burden on the industry would be precisely the same.

While it is not necessary so to decide, it may well be doubted whether the award complained of *is* unreasonable. The award is for 500 weeks, i. e., 9 years and 32 weeks. On April 5, 1939, when this employee was fatally injured his partially dependent father was 75 years old and his partially dependent mother was 63 years old. The mother's life expectancy at that age was in excess of nine years and thirty-two weeks. If the son had lived and continued to make the same monthly contribution to either or both of his parents that he had been making, it is entirely probable that at least one of them would receive $10.00 a week for 500 weeks. The son (who was divorced and had no dependent children) might have increased his contributions to his parents as they grew older and more infirm.*

Appellant quotes the following from the opinion of this court in *Kaczorowski, Aplnt., v. Kalkosinski, Admr.,* 321 Pa. 438, 441, 184 A. 663, ". . . What is recoverable is the loss of pecuniary benefits which the persons named in the act would have received from the deceased had not death intervened." This is a sound formula and it is not unreasonable to believe that these partially dependent parents would have received from their son as pecuniary benefits, had not his death intervened, a sum equal to $10.00 a week for 500 weeks. Whatever be the likelihood as to this, a workmen's compensation law or provision cannot be adjudged unreasonable and

---

* Sec. 307(5) of the Act of June 4, 1937, P. L. 1552, provides that in case of the death of an employee from injuries received in the course of his employment and under the family situation here present, compensation shall be computed on the following basis and distributed to the following persons: "to the father or mother, if dependent to any extent upon the employee at the time of the accident, twenty-five per cent of the wages but not in excess of ten dollars per week." (In this case the employee's "weekly wage" was $46.75). It is further provided that if the father or mother was "totally dependent upon the deceased employee at the time of the accident, the compensation payable to such father or mother shall be forty-five per cent of wages, but not in excess of fifteen dollars per week. . . ."

therefore unconstitutional because its application in a single case results in dependent parents receiving for 500 weeks more by way of weekly compensation than they had been receiving by way of weekly contributions from their son (now deceased) during the period of his employment.

The judgment is affirmed.

The Chief Justice and Mr. Justice DREW and Mr. Justice LINN dissent.