August Bertsch, Jr. and Dorothy Bertsch, Parents of Theodore H. Bertsch, Deceased. Workmen's Compensation Appeal Board *v.* Pike County Sand & Gravel Co. and the Weidner Companies, and United States Fidelity and Guaranty Company, Insurance Carrier. Pike County Sand & Gravel Co. and the Weidner Companies, Appellants.

Submitted on briefs, September 14, 1976, to President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*John H. Appleton,* for appellants.

*Raymond P. Kashimba,* with him *Krawitz, Sigal & Ridley, P.A.,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, November 16, 1976:

On April 24, 1970, Theodore H. Bertsch (deceased), age 22, was electrocuted while in the course of his employment with Pike County Sand & Gravel Co. (employer). On March 1, 1971, August Bertsch, Jr. and Dorothy Bertsch (claimants) filed a fatal claim petition alleging that they were partially dependent parents of the decedent within the meaning of Section 307(5) of The Pennsylvania Workmen's Compensation Act[1] (Act). The referee found that while August

---

[1] Section 307(5) of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5), provides, in pertinent part:

"If there be neither widow, widower, nor children entitled to compensation, then [compensation shall be distributed] to the father or mother, if dependent *to any extent* upon the employe at the time of the injury. . . ." (Emphasis added.)

Bertsch, Jr. was not partially dependent upon the decedent, Dorothy Bertsch was, and he awarded her $25.00 per week plus certain funeral expenses.[2]

The employer appealed to the Workmen's Compensation Appeal Board (Board), which affirmed the referee's award and dismissed the appeal. The employer then appealed to the Pike County Court of Common Pleas,[3] which upheld the referee's decision and the Board's affirmance thereof. The employer now brings this appeal.

In a workmen's compensation case, where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, our review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact of the referee was unsupported by substantial evidence, leaving questions of evidentiary weight to the referee. *Mikalonis v. Workmen's Compensation Appeal Board*, 25 Pa. Commonwealth Ct. 166, 172-3, 361 A.2d 483, 487 (1976); *Workmen's Compensation Appeal Board v. Power Systems Division, McGraw Edison*, 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975). Claimants had the burden of affirmatively proving dependency here as they were parents claiming benefits for the death of an adult child. *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 315 A.2d 883 (1974); *Davis v. Welsbach Corp.*, 201 Pa. Superior Ct. 520, 193 A.2d 621 (1963).

The employer argues that the claimant, Dorothy Bertsch, did not carry her burden of proof and that the referee's conclusion that she was partially dependent was not supported by competent evidence inas-

---

[2] August Bertsch, Jr. does not contest the finding that he was not partially dependent.

[3] Under the 1972 amendments to the Act, appeals from the Board now come directly to this Court. 77 P.S. §872.

much as there was no specific testimony as to the cost of *her* maintenance and support as distinguished from the expenses of the entire household. To evaluate this argument, we must review some of the basic facts of the family's financial situation which were found by the referee and not seriously disputed by the employer as supported by substantial evidence.

At the time of the decedent's death, the household consisted of the following members: August Bertsch, Jr. (father), who earned $560.00 (gross) per month and had take-home pay of $448.00 per month; Dorothy Bertsch (mother), who was not employed but who managed the household and all financial affairs; a minor child, Susan; an adult son, David, who earned $376.00 (gross) per month and contributed approximately $112.00 per month to the household; and decedent who earned $390.00 (gross) per month and contributed varying amounts between $100.00 and $260.00 per month. The referee found that the family had *essential* monthly household expenses of $723.72 per month, *not including* federal and state income taxes or miscellaneous personal and household expenses. He estimated the total family income at $822.00 per month based on the father's *gross* pay of $560.00 and the contributions from David ($112.00) and the decedent ($150.00 average per month). The referee found that while total monthly contributions did exceed the estimate of essential expenses by about $50.00, when taxes and miscellaneous expenses were considered, the family "was just making ends meet."[4] He further found that while it was reasonable to presume that a portion of decedent's contributions included his room and

---

[4] Referee's Finding of Fact No. 9. We note that perhaps a more accurate calculation would result if the father's take-home rather than gross pay were used, thus accounting approximately for income and social security taxes and yielding total contributions of $710.00 per month ($448.00 + $112.00 + $150.00).

board, a portion was also attributable to the general fund for the household used to pay the family's expenses.[5] We note that this last finding, which was supported by competent evidence, clearly distinguishes this case from *Mikalonis, supra,* and *Regent Bottling Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973).

While not disputing any of these facts or figures *per se,* employer argues that a finding of partial dependency of the mother cannot be supported absent specific evidence of the *mother's* cost of maintenance and support and cites *Davis v. Welsbach Corp., supra,* in support of this contention.

In a similar case, *Leipziger, supra,* 12 Pa. Commonwealth Ct. at 420-21, 315 A.2d at 885, we stated: "The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent *to some extent* upon the child at the time of the accident causing his death. Regent Bottling Company v. Workmen's Compensation Appeal Board and Reese, 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973); Zedalis v. Jeddo-Highland Coal Co., 113 Pa. Superior Ct. 49, 172 A. 169 (1934). If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. Smitti v. Roth Cadillac Company, 145 Pa. Superior Ct. 292, 21 A.2d 127 (1941).

". . . 'Dependency is not affirmatively established by mere proof of the receipt of contributions. . . .'

---

[5] In addition, the referee found that prior to working for employer, decedent had temporarily worked and lived in Maine, during which time he also sent money home to his mother.

DiCampli v. General Electric Company, 193 Pa. Superior Ct. 427, 431, 165 A.2d 255, 257 (1960). If, however, an award of dependency is based upon competent evidence, *or upon an inference fairly deducible therefrom,* such award must be sustained even though on independent examination a court would have found otherwise. Howard v. McClane, 146 Pa. Superior Ct. 212, 22 A.2d 225 (1941).'' (Emphasis added.)

We believe that the record in this case contains sufficient competent evidence to support the referee's finding that the claimant, Dorothy Bertsch, was partially dependent on the contributions received from decedent. In effect, the evidence shows that the *family* was dependent on decedent's contributions and it is ''fairly deducible therefrom'' that the mother, who had no earnings of her own, shared in this dependency *to some extent.* This case is clearly distinguishable from *Davis v. Welsbach Corp., supra,* cited by employer, where the father had income of $4,000.00 a year, the son who lived in another city contributed $120.00 to $240.00 a year to the parents, and there was no evidence of the parents' expenses from which to conclude or reasonably deduce a finding of dependency.

The employer raises an additional argument that claimant should not be awarded benefits for life when, in reality, an adult child does not generally provide support for his parents during their entire lifetime. This is essentially an attack on the 1968 amendment to Section 307 of the Act, 77 P.S. §561, and this issue was resolved in claimant's favor in *Kreider v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 79, 308 A.2d 187 (1973).

### ORDER

Now, November 16, 1976, the order of the court below is hereby affirmed.