William Cook, Deceased, by Robert and Ruth Cook, Parents, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and St. Joe Minerals Corporation, Respondents.

Submitted on briefs October 7, 1981, to President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Alexander J. Pentecost,* for petitioners.

*Bruce E. Woodske, Reed, Luce, Good, Tosh, Kunselman & McGregor,* for respondent, St. Joe Minerals Corporation.

OPINION BY JUDGE BLATT, January 28, 1982:

The petitioners, Robert and Ruth Cook, appeal a decision of the Workmen's Compensation Appeal Board (Board) which denied them benefits on the grounds that they were not dependent upon contributions from their son, now deceased. The Board cited the provisions of Section 307(5) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5).

The petitioners' son, William Cook, was fatally injured in the course of his employment with the St. Joe Minerals Corporation (employer) and the petitioners, with whom he resided, petitioned for benefits claiming that they were partially dependent upon his contributions. Hearings were held and the referee granted benefits, finding that the decedent lived with the petitioners and three of his siblings, aged respectively 20, 16 and 14, that the petitioners' joint gross income was $28,009.44 per year, that their monthly net income was

$1112, that their monthly expenses totalled $2525, that the decedent contributed $80 per week to the household and on occasion made additional contributions of $200 or $250 each and that, consequently, the petitioners were partially dependent upon the decedent's contributions to the maintenance and support of the household. The employer appealed to the Board and, at that time, the parties stipulated that the petitioners' actual monthly net income was $1802.63, not $1112 as found by the referee. The Board then reversed the referee's grant of benefits, finding that the household in general may have had some dependency upon the decedent but that the petitioners themselves were both gainfully employed and did not share in that dependency.

The petitioners argue that the Board's finding was in error and that the referee was correct in finding that they were partially dependent upon the contributions from their deceased son in that their expenses, including the costs of loans incurred to provide college educations for two of their children, exceeded their income.

It is true that, as a rule, in workmen's compensation cases, the referee is the factfinder, *see, e.g., Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). In this case, however, the Board received additional evidence in the form of the parties' stipulation that the petitioners' monthly net income was $1802.63, not $1112 as the referee had found, and we will therefore treat the Board as the finder of fact on the issue of dependency. And, where, as here, the petitioners, who had the burden of proving dependency, did not prevail below, our scope of review is limited to determining whether or not the Board's findings were made in capricious disregard of competent evidence and whether or not constitutional rights were violated or an error of law was committed. *Container Corporation of America v. Workmen's Com-*

*pensation Appeal Board,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1264 (1981); *Regent Bottling Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973).

Section 307(5) of the Act provides that a "father or mother, if dependent to any extent upon the employe at the time of the injury," may receive benefits. In *Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974), we stated:

> The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. . . . If the contribution of the deceased child were [sic] necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. (Citations omitted.)

The Board concluded here, in reliance on *Bertsch v. Pike County Sand & Gravel Co.,* 27 Pa. Commonwealth Ct. 90, 365 A.2d 886 (1976), that the petitioners were not dependent because they were both gainfully employed and neither of them was individually dependent upon their son's contributions, even though the family as a whole may have been dependent thereon to some degree. Although we do not believe that *Bertsch* stands for the proposition that employed parents without regard to the existence of other legitimate family expenses cannot be dependent upon contributions from a deceased child, the employer here has raised an additional, and persuasive, argument in support of the Board's ruling. This argument is that the computa-

tion of the total monthly expenses of the petitioners' family included the costs of loans assumed for the college education of two of their other children one of whom is married, a registered nurse and not living with her parents and the other is 20 years of age although still in school. The employer argues that, if such costs are excluded, it becomes apparent that the family was not dependent upon the contributions of the deceased.

Our review of the record and of the referee's findings reveals that the computation of the petitioners' expenses did include loans which were incurred for the college education of two of the petitioners' daughters, both of whom were over 18 years of age. While we recognize the importance of a college education, of course, we cannot say and neither the Board nor the referee has found, that such an education is one of the "ordinary necessities of life suitable for persons" in the petitioners' class nor that it was "necessary to maintain the parents in an established, reasonable standard of living." *Leipziger,* 12 Pa. Commonwealth Ct. at 420, 315 A.2d at 885; *WJAC, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 488, 395 A.2d 710 (1979). Section 307 of the Act, 77 P.S. §562, provides that the child, brother or sister of a deceased employee may receive benefits up until the age of 18 and goes on to permit a decedent's child who is attending an educational institution to continue to receive benefits through the age of 23. However, a similar extension of benefits for siblings or for other children of the decedent's parents, is conspicuously absent from Section 307 and we believe that such an omission indicates the existence of a legislative intent not to provide benefits for siblings, over 18 years of age regardless of their educational status. If such college expenses for adult children are excluded from the petitioners' monthly budget, we must conclude, as did

the Board, that the petitioners, with an income of $28,000, were not dependent upon the weekly or other contributions from their deceased son.[1]

We will therefore affirm the denial of benefits.

### ORDER

AND Now, this 28th day of January, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

[1] In addition, we must note, as did the Board, that the son's contribution of $50 per week *directly* to his parents, may have been little more than reimbursement for his own room and board, and that the $30 per week which he spent on various groceries, trips to McDonald's, movies and spending money for the younger children could hardly be described as providing the parents with the ordinary necessities of life.