Broadwood Chuckwagon, Petitioner *v.* Workmen's Compensation Appeal Board (Kenneth Stovall, Deceased, By Marion Stovall, Mother), Respondents.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three. Reargued December 14, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*Charles W. Craven,* with him *Jo Marjorie Fineman, Marshall, Dennehey, Warner, Coleman & Goggin,* for petitioner.

*Thomas H. Goldsmith, Goushian, Mooradian, Goldsmith & Keller,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 23, 1983:

Broadwood Chuckwagon (employer) appeals a Workmen's Compensation Appeal Board order awarding partial dependency benefits to Marion Stovall. We modify and remand.[1]

The facts are not in dispute. After her son was killed by a co-employee, Stovall sought benefits under Section 307(5) of The Pennsylvania Workmen's Compensation Act (Act).[2] The decedent had been earning an average weekly wage of $86.00 and, while living with Stovall, contributed $216.67 per month to the household. From this, claimant allocated $115.00 for the decedent's monthly expenses of food, clothing, public transportation and a separate telephone. The

---

[1] This case reargued before the Court en Banc on December 14, 1982. By Order of this Court, reargument was limited to the question of whether, in determining parental dependency, post-secondary school expenses may be considered.

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5).

balance of the $216.67 was allocated toward claimant's expenses.

Stovall is divorced, is unemployed and her three minor daughters live with her. Her monthly income, apart from the decedent's contribution, was $623.50. After excluding the $115.00 allocated to the decedent, the referee calculated the claimant's monthly expenses to be $633.00. The referee also found that the claimant paid $100.00 per month for the junior college education of one of her daughters. The Board,[3] in awarding partial dependency benefits, concluded that Stovall had met her burden of proving dependency on the decedent and further concluded that the post-secondary expenses of Stovall's daughter were a necessity of life for which the mother was dependent upon her son.

Our scope of review, where the party with the burden of proof has prevailed below,[4] is limited to determining whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Bertsch v. Pike County Sand & Gravel Co.*, 27 Pa. Commonwealth Ct. 90, 365 A.2d 886 (1976).

Section 307(5) of the Act provides, in pertinent part:

> In case of death, compensation shall be computed on the following basis, and distributed to the following persons: ...
>
> . . . .

---

[3] Initially, the referee concluded that the decedent was a minor and invoked the provision of Section 307(5), which creates a presumption that the parents were dependent on the minor child. The Board concluded that the decedent was not a minor, negating this statutory presumption. The Board remanded and, on remand, the the referee reinstated his award of partial disability benefits, concluding that the claimant had met her burden of proving dependency. The Board affirmed and this appeal followed.

[4] The burden, when the deceased child is not a minor, is on the parent to prove dependency.

(5)  If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury . . . Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed. . . .[5]

We have, in the past, concluded that the term dependency "contemplates actual dependency and must affirmatively appear in the record as a fact." *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974) (citations omitted). Besides the requirement of actual dependency, the child's earnings must have been "necessary to provide the parent with some of the ordinary necessities in keeping with his station in life. . . ." *DeGuffroy & Associates, Inc. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 58, 61, 415 A.2d 437, 438 (1980).

Although the claimant can show no dependency to the extent of the amount expended for *decedent's* upkeep, we find that the claimant was dependent on the decedent to the extent of the difference between the claimant's total monthly obligations (excluding both the decedent's upkeep and her daughter's tuition) and her monthly income, excluding the decedent's contribution.[6]

---

[5] We need not address the issue of whether the Board incorrectly decided whether the decedent was a minor for purposes of the Act. Neither party has raised this issue on appeal, and such determination is unnecessary for the disposition of this case.

[6] Since the claimant is obligated to support her minor children, *Bucci v. Lincoln Coal Co.*, 140 Pa. Superior Ct. 538, 14 A.2d 359 (1940), any reasonably necessary expenses attributable to these children are properly her expenses for the purpose of determining dependency. *Bertch v. Pike County Sand and Gravel Co.*, 27 Pa. Commonwealth Ct. 90, 365 A.2d 886 (1976).

We now determine whether the rest of the decedent's contribution, which was applied to his sister's college tuition, can be considered as necessary to provide Stovall with one of life's ordinary necessities. We conclude that the tuition payment does constitute a necessity of life, *but only until the decedent's sister reaches the age of eighteen years.*

We had decided previously that the cost of loans assumed by the parents for the post-secondary education of two children must be excluded when computing the parents' dependency: *Cook v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 278, 440 A.2d 652 (1982). In favoring the exclusion, we wrote:

> While we recognize the importance of a college education, of course, we cannot say . . . that such an education is one of the "ordinary necessities of life suitable for persons" in the petitioners' class nor that it was "necessary to maintain the parents in an established, reasonable standard of *living.*"

*Id.* at 282, 440 A.2d at 654 (citations omitted). *Cook,* however, involved two children over eighteen and, thus, is distinguishable. Until the child attains that age, a parent may reasonably be expected to provide any minor children with the educational foundation necessary to prepare them for the future. Thus, the tuition cost attributable to Stovall's daughter was properly included as part of the claimant's expense, but only until the daughter reached the age of eighteen years.

However, since compensation is due from the date of the fatal injury,[7] we modify the award to allow compensation from that date, to wit, December 16, 1975, instead of from September 16, 1976.

Modified and remanded.

---

[7] 34 Pa. Code §121.15(b).

### ORDER

The order of the Workmen's Compensation Appeal Board, No. A-78996 dated January 15, 1981, is hereby modified. We remand to the Board for a redetermination of benefits not inconsistent with this Opinion. Jurisdiction relinquished.

### AMENDING ORDER

AND Now, July 1, 1983, the above-captioned Opinion, filed May 23, 1983, is hereby amended as follows:

The first full paragraph on page four should read as follows:

"However, since compensation is due from the date of the fatal injury,[7] we modify the award to allow compensation from that date, to wit, December 16, 1975, instead of from September 16, 1975."

Judge MACPHAIL dissents.