Thomas G. Hughes, Deceased, Alberta M. Hughes, Mother, Petitioner *v.* Workmen's Compensation Appeal Board (D & C Spinosa Company), Respondents.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*George J. Nagle,* for petitioner.

*David W. Saba, Hourigan, Kluger & Spohrer Associates,* for respondent.

OPINION BY JUDGE BARBIERI, August 26, 1983:

The Claimants in this workmen's compensation case, Thomas G. Hughes and his wife, Alberta M. Hughes, are the parents of George F. Hughes, who admittedly suffered a work related death on February 22, 1978. The sole issue before the referee, the Board and this Court is whether this adult son made contributions to Claimants, which on the date of his death were required to provide Claimants some of the ordinary necessities of life suitable for persons of their class and position, thereby establishing their dependency for the entitlement to partial dependency benefits under Section 307(5) of The Workmen's Compensation Act.[1] The referee awarded benefits. The Board reversed and this appeal followed.

The referee's findings, supported by sufficient competent evidence, established that the only monthly income received by the father was $796.00, based on receipt by him of $199.00 per week disability benefits as a result of a work related injury on September 30, 1977. As for contributions by the deceased son, the referee states in his third conclusion of law that these amounted to $395.16, whereas his findings indicate that the contributions included $50.00 per week toward mutual household expenses, $155.00 per month for the cost of buying two automobiles, $40.00 per month for automobile insurance and twenty percent of the repair bills of $5,185.68. The testimony of the claimant-father, which stands uncontradicted, is that the decedent's total contributions amounted to $368.00 per month.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5).

The household with which we are concerned consisted of the Claimants, father and mother of deceased employee, a school age brother, age 17 and an adult brother, age 23, who was unemployed, but who did contribute, when he worked, at the $50.00 per week rate paid by decedent. It is apparent, therefore, that as of the date of the deceased employee's death, he was the sole wage earner and that the only other income available for the family expenses of $931.25 per month was that paid to the father in the form of workmen's compensation benefits.

The Board, knowing that the Board could not disregard the findings of the referee competently supported in the evidence, reversed the referee and found that, excluding automobile expenses and the decedent's contribution toward repairs and other expenses in connection with the house occupied by the family, it would be demonstrated that Claimants were receiving income "in an amount greater than their expenses." The Board held that the decedent's contributions "were in the nature of payments to cover the cost of his presence in the home, rather than in support of his parents."

While there are some arithmetical uncertainties in the record before us, there appears to be one clear certainty: this family needed more than the decedent's board and lodging payment in order to make ends meet. *See Bertsch v. Pike County Sand and Gravel Co.*, 27 Pa. Commonwealth Ct. 90, 365 A.2d 886 (1976). Here we have a family of five, consisting of four adults and a minor son attending high school, where the sole source of income and financial resources as of the date of death, consisted of the father's workmen's compensation payments at $199.00 per week and whatever the decedent contributed. The test, as laid down in *Leipziger v. Workmen's Compen-*

*sation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974) is stated as follows:

> The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. (Citations omitted.)

It goes without saying that in the modern American home, automobiles are necessities in order to maintain the family in an "established, reasonable standard of living...." If the decedent were required to make expenditures in order to provide automotive facilities for this family, we believe it is within the realm of the referee's discretion as a fact finder to include at least some of this cost in family expenses. We are not enlightened by the record as to the use made of these automobiles, but consider it not unreasonable to conclude that this family could not function reasonably in accordance with the contemporary, prevailing standards for such persons, without one or more automobiles. We note that the referee also found that the deceased son had "promised to assume payment of all household bills one week before he was killed." *See Williams v. John B. Kelly Co., Inc.,* 128 Pa. Superior Ct. 228, 193 A. 97 (1937). Furthermore, we have a disabled head of the household, the father, Thomas G. Hughes, whose disability overtook him on September 30, 1977 during a two year period when major real estate expenses for maintaining and im-

provements to the family home were underway. We feel, as the referee did, that the employed son could not stand idly by and not contribute to these expenses. Certain of them, also representing the cost of maintaining the household could properly be treated as necessary and proper expenses under the circumstances, particularly as of the date of death when decedent was the sole dependable wage earner in this household. *DeGuffroy & Associates, Inc. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 58, 415 A.2d 437 (1980). Therefore, we will reverse.

ORDER

Now, August 26, 1983, the order of the Workmen's Compensation Appeal Board, dated February 11, 1982, and docketed at No. A-80145, is reversed, and this case is hereby remanded for the computation and award of benefits in accordance with the provisions of the above opinion. Jurisdiction relinquished.