514 A.2d 1010

Robert E. Taynton, Jr., natural father and Administrator of the Estate of Shelly Lynn Taynton, deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Unico Majik Markets, Inc.), Respondents.

Submitted on briefs August 12, 1986, to President Judge CRUMLISH, JR., and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*Raymond E. Ginn, Jr., Owlett & Lewis, P.C.,* for petitioner.

*Jonathan E. Butterfield, Liebert, Short, Fitzpatrick & Hirshland,* for respondent, Unico Majik Markets, Inc.

OPINION BY SENIOR JUDGE KALISH, September 11, 1986:

Petitioner, Robert E. Taynton, Jr., petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which accepted a stipulation submitted by petitioner and respondent, Unico Majik Markets, Inc., and indicated that the case was considered closed. We affirm the Board.

Petitioner filed a fatal claim petition based on a stipulation of facts submitted by the parties. The stipulation reveals that petitioner's daughter, Shelly Lynn Taynton, was employed by respondent as a clerk in one of its stores. Ms. Taynton was a twenty-one year old college student, who was working during her summer vacation, and was financially independent. On July 5, 1982, while Ms. Taynton was alone in the store, she was shot and killed by a third party assailant. The stipulation further establishes that at the time of Ms. Taynton's death, she was not directly contributing any earnings to her parents in order to provide them some of the ordinary necessities in keeping with their station in life.

Based on the stipulation, and without conducting a hearing, the referee concluded that petitioner failed to prove that he was dependent on his daughter at the time of her death for any of the ordinary necessities of life. Thus, the referee dismissed petitioner's fatal claim petition. Petitioner appealed, and the Board issued an order indicating that it accepted the stipulation which resolved all issues on appeal, and that it considered the case closed and returned to the Bureau.

Petitioner argues that the referee committed an error of law in holding that in order to find dependency a claimant must prove that he was dependent on the decedent for any of the ordinary necessities of life. Petitioner also challenges the constitutionality of the statutory requirement of dependency.

Section 307 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561, provides:

> In case of death, compensation shall be computed on the following basis, and distributed to the following persons . . .
>
> 5. If there be neither widow, widower, nor children entitled to compensation, then the father or mother, if dependent to any extent upon the employe at the time of the injury. . . .

In *Broadwood Chuckwagon v. Workmen's Compensation Appeal Board (Stovall),* 74 Pa. Commonwealth Ct. 426, 459 A.2d 1355 (1983), this Court defined dependency, for purposes of workmen's compensation benefits to a deceased worker's parents, as actual dependency. Specifically, this Court stated that the child's earnings must have been "necessary to provide the parent with some of the ordinary necessities in keeping with his station in life." *Id.* at 429, 459 A.2d at 1357.

Petitioner concedes that his daughter was not directly contributing any earnings to her parents in order to provide them with some of the ordinary necessities in keeping with their station in life. However, petitioner contends that this test of dependency is overly restrictive. He argues that the test for dependency can be satisfied where, as here, a deceased child earned wages which were used · to satisfy the child's own financial obligations which would otherwise be imposed on her parents. This argument is frivolous and without merit. The referee correctly concluded that petitioner did not meet his burden of proving that he was dependent on his daughter at the time of her death.

Petitioner also asserts that section 307 of the Act, 77 P.S. §561, is unconstitutional as applied to him, because in denying him benefits, it fails to provide reasonable compensation, thereby violating Article III, §18, of the

Pennsylvania Constitution. Article III, §18, of the Pennsylvania Constitution provides in pertinent part:

> The General Assembly may enact laws requiring the payment by employers, or employers and employees jointly, of reasonable compensation for injuries to employees arising in the course of their employment, and for occupational diseases of employees, whether or not such injuries or diseases result in death, and regardless of the fault of employer or employee, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof . . . and the General Assembly shall prescribe for whose benefits such actions shall be prosecuted.

Petitioner cites *Zahrobsky v. Westmoreland Coal Co.*, 344 Pa. 446, 25 A.2d 823 (1942), in support of his argument. *Zahrobsky* involved a challenge to the constitutionality of that portion of section 307 of the Act, 77 P.S. §561, which prescribes the rate of compensation for partially-dependent parents of deceased employees. There, our Supreme Court held that the rate of compensation was not unreasonable and therefore unconstitutional simply because its application in that case resulted in the parents receiving more compensation per week than they had been receiving from their son prior to his death.

In *Zahrobsky,* the parents had met the threshold requirement of dependency in order to be entitled to compensation. Here, petitioner does not challenge the rate of compensation. Rather, he challenges the requirement of dependency, asserting that this requirement is unconstitutional because it impermissibly precludes him from receiving any compensation.

Section 307 of the Act, 77 P.S. §561, was designed to aid those relatives of a deceased employee who were

dependent on and relied on the support of the deceased. *Ottavi v. Timothy Burke Stripping Co.*, 140 Pa. Superior Ct. 389, 14 A.2d 188 (1940). Moreover, the Legislature was granted full power to determine the various classes of persons to whom compensation should be paid. *Morris v. Glen Alden Coal Co.*, 136 Pa. Superior Ct. 132, 7 A.2d 126 (1939). Once the Legislature has determined the classes of persons entitled to compensation, and the amounts to be paid, the courts cannot change the classifications or the amounts to be paid. *Decker v. Mohawk Mining Co.*, 265 Pa. 507, 109 A. 275 (1920).

The Legislature has set forth parents of deceased employees who were dependent on the deceased as a class of persons entitled to compensation. Petitioner does not fall within that class of persons entitled to compensation. We hold that the requirement of dependency does not impermissibly preclude petitioner from receiving compensation, and therefore is not unconstitutional as applied to petitioner.

Accordingly, we affirm the Board.

ORDER

Now, September 11, 1986, the order of the Workmen's Compensation Appeal Board, Docket No. A-90057, dated March 18, 1986, is affirmed.