J-A04041-22

2022 PA Super 105

| | | |
|---|---|---|
| SAMANTHA RIEMENSCHNEIDER, ADMINISTRATOR OF THE ESTATE OF DAVID SCOTT MACLEARY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : | No. 1842 EDA 2021 |
| D. SABATELLI, INC. AND ANTHONY SABATELLI | : : : | |

Appeal from the Order Entered August 27, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 201200675

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.: **FILED JUNE 7, 2022**

Samantha Riemenschneider, as the administrator of the Estate of David Scott Macleary, instituted this suit asserting counts for negligence and wrongful death. The trial court dismissed the action, finding that the exclusivity provision of the Workers' Compensation Act ("WCA") barred it. Riemenschneider argues the exclusivity provision does not apply to her suit because she "is not within the class of individuals" entitled to seek relief under the WCA. Riemenschneider's Br. at 10. For the reasons stated below, we affirm.

According to the operative complaint, on September 27, 2019, David Scott Macleary sustained fatal injuries when the brakes failed on a dump truck he was operating, and it began to roll. **See** Amended Complaint, ¶¶ 10-11. Macleary was acting at the time within the course and scope of his

employment with D. Sabatelli, Inc., and received workers' compensation benefits through his employer on the day he died. *See* Trial Court Opinion, filed September 30, 2021, at 1; Response in Opposition to Defendant D. Sabatelli, Inc.'s Preliminary Objections to Plaintiff's Amended Complaint at ¶¶ 7, 14.

Riemenschneider filed this negligence and wrongful death suit, naming as defendants D. Sabatelli, Inc. and Anthony Sabatelli (collectively, "Sabatelli"). Sabatelli filed preliminary objections asserting, among other things, a demurrer on the ground that the suit was barred by the WCA's exclusivity provision. The exclusivity provision provides that the WCA affords the exclusive remedy for an employer's liability to an employee for an injury, death, or occupational disease, as defined in the WCA:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes [sic], his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in [77 P.S. § 411(1) and (2)] or occupational disease as defined in [77 P.S. § 27.1].

77 P.S. § 481(a) (footnotes omitted).

In her response to the preliminary objections, Riemenschneider argued that her wrongful death suit was permissible, notwithstanding the WCA's exclusivity provision, because she was not within the class of individuals entitled to bring a claim under the WCA. She pointed out that children of decedents are eligible for workers' compensation benefits only if they are "less than 18 years of age, are disabled until the period of disability ends, or, if the

child is in school, until the child reaches the age of 23," and none of those conditions applied here. ***See*** Response in Opposition to Defendant D. Sabatelli, Inc.'s Preliminary Objections to Plaintiff's Amended Complaint at ¶ 17; ***see also*** 77 P.S. § 562. She cited the Supreme Court's statement in ***Tooey v. AK Steel Corp.***, 81 A.3d 851 (Pa. 2013), that it was "inconceivable" that the General Assembly "intended to leave a certain class of employees who have suffered the most serious work-related injuries without any redress under the Act or at common law." ***See*** Response in Opposition to Defendant D. Sabatelli, Inc.'s Preliminary Objections to Plaintiff's Amended Complaint at ¶ 17 (quoting ***Tooey***, 81 A.3d at 864).

The trial court determined that the exclusivity provision barred this suit and sustained the preliminary objections. Trial Ct. Op. at 3-4; ***see, e.g.***, ***Grabowski v. Carelink Cmty. Support Servs., Inc.***, 230 A.3d 465, 470-71, 473-74, 476 (Pa.Super. 2020) (holding negligence action against employer barred by exclusivity provision of the WCA). Riemenschneider timely appealed. She asks this Court to decide "whether the trial court abused its discretion and erred as a matter of law in granting [Sabatelli]'s Preliminary Objections regarding the Exclusivity Provision of the Workers' Compensation Act?" Riemenschneider's Br. at 4 (capitalization regularized).

Riemenschneider argues that pursuant to language in ***Tooey***, claims that fall "outside the purview" of the WCA are not subject to the WCA's exclusivity provision. Riemenschneider's Br. at 9. She renews her argument that although the WCA affords benefits to children, she was ineligible because

she was not disabled and was over the age of 23. *Id.* at 11-12 (citing 77 P.S. § 562). Riemenschneider asserts that because she is not eligible, and her father had no spouse, parent, or sibling at the time of his death, there exists "no viable claimant" under the provisions of the WCA. *Id.* at 12; *see also* 77 P.S. §§ 561(5), (6) (providing that where no spouse or child is eligible for recovery, payments under the WCA may be made to parent or sibling). In contrast, Riemenschneider asserts, Pennsylvania law provides for the proceeds of wrongful death claims to be distributed to the decedent's children, in addition to the decedent's spouse and parents. Riemenschneider's Br. at 12 (citing 42 Pa.C.S.A. § 8301).

Riemenschneider thus maintains that, under *Tooey*, the WCA is not her exclusive means of recovery, and she should be allowed to bring this wrongful death suit in court. Riemenschneider's Br. at 12. She points to cases stating that the WCA is to be construed liberally to effectuate its objectives and was not intended to leave a beneficiary without a remedy or to allow employers to avoid liability. *Id.* at 12-14.

In considering an appeal from an order sustaining a demurrer, which presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 641 (Pa.Super. 2016).[1] A trial court considering preliminary objections in the nature of a demurrer must determine whether, on the facts averred,

---

[1] *See also Tooey*, 81 A.3d at 857 (stating that where issues raise questions of law, "our standard of review is *de novo* and our scope of review is plenary").

the complaint "adequately states a claim for relief under any theory of law." **Grose v. Procter & Gamble Paper Prods.**, 866 A.2d 437, 440 (Pa.Super. 2005) (citation omitted). A claim that the exclusivity provision of the WCA bars a suit implicates the subject-matter jurisdiction of the court. **LeFlar v. Gulf Creek Indus. Park No. 2**, 515 A.2d 875, 879 (Pa. 1986).

The crux of the issue here is the application of the exclusivity provision. We therefore engage in statutory interpretation. "[T]he object of all statutory interpretation is to ascertain and effectuate the intent of the General Assembly, which is best indicated by the plain language of the statute." **A Special Touch v. Dep't of Labor & Indus.**, 228 A.3d 489, 502 (Pa. 2020). We thus consider words and phrases in a statute according to "their common and approved usage." **Id.** (quoting 1 Pa.C.S.A. § 1903(a)). Only if the relevant statutory language is ambiguous may we look beyond it and put into effect what we consider to be the statute's purpose. In the words of the Statutory Construction Act, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Only if the words of the statute are not explicit may we consider extraneous factors such as the "object to be attained." 1 Pa.C.S.A. § 1921(c)(4).

In **Tooey**, the Pennsylvania Supreme Court considered "whether manifestation of an occupational disease outside of the 300-week period . . . removes the claim from the purview" of the WCA, such that the exclusivity provision does not apply. **Tooey**, 81 A.3d at 855. There were two plaintiffs in

*Tooey*, each of whom alleged that he had contracted mesothelioma from occupational exposure to asbestos several decades after he had stopped working for the employer where the exposure had allegedly occurred. *Id.* at 856. The employers moved for summary judgment, citing the exclusivity provision. The plaintiffs countered that a tort action was permissible where a disease falls outside the coverage of the WCA. *Id.* As noted above, the exclusivity provision provides that an employer's liability under the WCA is exclusive and in place of any and all other liability on account of any injury, death, or occupational disease, as defined in the WCA. *Id.* at 856 n.2 (quoting 77 P.S. 481(a)). However, the WCA includes the following proviso regarding coverage for claims arising from occupational disease: "[W]henever occupational disease is a basis for compensation, for disability or death under this act, **it** shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment . . . ." *Id.* at 858 (quoting 77 P.S. § 411(2)) (emphasis added). The parties in *Tooey* disputed the meaning of proviso's use of the word "it."

The Supreme Court cited "the common and approved usage of the terms" in the proviso and concluded that the plaintiffs had the better argument. It thus held "it" referred to the WCA and construed the proviso as stating that "whenever occupational disease is the basis for compensation, for disability or death under this act, [the WCA] shall apply only to disability or death resulting from such disease occurring within three hundred weeks after the last date of employment." *Id.* at 859-60. As a result, the WCA did not

- 6 -

apply to the latent occupational disease experienced by the plaintiffs, and, in turn, the exclusivity provision did not apply to the plaintiffs' suit. *Id.* at 865.

The Court then found that even assuming (without deciding) that the relevant statutory language was ambiguous, the purposes of the WCA guided it to the same result. *Id.* at 863-65. The Court explained that the employers' position would leave the injured employee with no possible remedy, which the Court did not consider to be the General Assembly's intent:

> Indeed, the consequences of Employers' proposed interpretation of the Act to prohibit an employee from filing an action at common law, despite the fact that employee has no opportunity to seek redress under the Act, leaves the employee with no remedy against his or her employer, a consequence that clearly contravenes the Act's intended purpose of benefitting the injured worker. It is inconceivable that the legislature, in enacting a statute specifically designed to benefit employees, intended to leave a certain class of employees who have suffered the most serious of work-related injuries without any redress under the Act or at common law.

*Id.* at 864.

The holding of *Tooey* is of little or no relevance here. *Tooey* held that an injury that was outside the WCA's statutory definition of a compensable injury could give rise to a suit in court. Riemenschneider's argument is that even though Macleary's injury was a compensable injury under the WCA, she ought to be allowed to bring suit in court because she is not among those claimants to whom the WCA provides benefits for that injury. Riemenschneider has not alleged that any language of the WCA is ambiguous and should be construed in her favor, much less that the plain language of the WCA permits

her suit. We may not consider purpose and policy arguments to disturb this result when the relevant statutory language is plain. 1 Pa.C.S.A. § 1921(b). The WCA plainly states that it provides compensation to children of deceased employees, albeit "only if" they meet certain requirements. 77 P.S. §§ 561, 562.[2] Thus, unlike the claim at issue in *Tooey*, Riemenschneider's claim as the child of a deceased employee falls squarely within the "purview" of the WCA. *Tooey* does not apply here, and the exclusivity provision bars the instant suit.

This result does not "leave a certain class of employees who have suffered the most serious of work-related injuries without any redress under the Act." *Tooey*, 81 A.3d at 864. Riemenschneider admits that Macleary, the employee, received benefits under the WCA on the day of his death. In contrast, Riemenschneider is not an employee, and does not belong to a "class of employees," but to a class of potential beneficiaries — *i.e.*, non-dependent, adult children of employees — whom the WCA purposefully excludes from

_____

[2] This section states, in relevant part,

> Compensation shall be payable under this section to or on account of any child, brother, or sister, only if and while such child, brother, or sister, is under the age of eighteen unless such child, brother or sister is dependent because of disability when compensation shall continue or be paid during such disability of a child, brother or sister over eighteen years of age or unless such child is enrolled as a full-time student in any accredited educational institution when compensation shall continue until such student becomes twenty-three.

77 P.S. § 562 (footnote omitted).

recovery. *See Glenn v. State Workmen's Ins. Fund*, 2 A.2d 32, 34 (Pa.Super. 1938) ("The [WCA] was designed to aid those relatives of the deceased who were dependent upon and relied upon the support and aid of the decedent").[3] The WCA represents a legislative compromise under which employees injured in the course and scope of their employment and certain others may obtain benefits without a demonstration of fault. *See Dep't of Pub. Welfare v. Workers' Comp. Appeal Bd. (Harvey)*, 993 A.2d 270, 282 n.16 (Pa. 2010) (describing WCA as being "premised upon substantial compromises of employer and employee rights and entitlements"). The limitation on beneficiaries is one of the tradeoffs embodied in the WCA, and Riemenschneider's claim must yield to the statute's plain language.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2022

---

[3] *See also Taynton v. Workers' Comp. Appeal Bd. (Unico Majik Mkts., Inc.)*, 514 A.2d 1010, 1012 (Pa.Cmwlth. 1986).