Stanley L. Kreider and Allen B. Shirk and Harleysville Mutual Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Lee Sweitzer and Betty E. Sweitzer, Parents of Larry E. Sweitzer, Deceased, Appellees.

Argued June 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

W. *Jeffrey Sidebottom,* with him *Paul A. Mueller, Jr.,* and *Barley, Snyder, Cooper & Mueller,* for appellants.

*Michael J. Perezous,* for appellees.

OPINION BY JUDGE KRAMER, August 1, 1973:

This is a direct administrative agency appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming an award of workmen's compensation benefits for a partial dependency to Lee Sweitzer and Betty Sweitzer (Claimants), who are the parents of Larry E. Sweitzer, deceased (Sweitzer), against Stanley L. Kreider and Allen B. Shirk (employer) and the employer's insurance carrier, Harleysville Mutual Insurance Company.

The employer took its appeal to this Court contesting the said compensation award in the amount of $25 per week for the lifetimes of the Claimants. First, the employer asserts that the record does not support the amount of the award, and, secondly, it contests the duration of the award.

The facts are not in dispute. The Claimant's son was fatally injured due to an instantaneous cardiac arrest caused by electrocution in the course of his employment with the employer on August 31, 1971. Sweitzer was 19 years of age at the time of his death. Sweitzer had been contributing to the support of his parents (Claimants) in the amount of $15 per week in addition to other household expenses, such as utility bills. The employer has frankly stated to this Court that it is not contesting (1) that Sweitzer was their

employee, (2) that Sweitzer was fatally injured while in the course of his employment, or (3) that Sweitzer's parents were partially dependent upon their minor son.

With regard to Claimants' substantive rights, we refer to the pertinent provisions of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, in effect at the time of Sweitzer's death, i.e., Section 307 of the Act, as amended by the Act of January 17, 1968, P. L. 6, Section 1, 77 P.S. §561.[1] See Universal Cyclops Steel Corporation et al. v. Krawsczynski, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

Our scope of review where the Board has affirmed the award of a referee granting benefits to the Claimant is to determine whether there is substantial evidence to support the award and to determine whether the Board and referee have committed an error of law. See Nash v. Sandnes' Sons, Inc., 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1973); Bambrick v. Asten Hill Manufacturing Co., 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972). Employer's first contention is that in the 1968 amendment to the Act, the Legislature deleted a portion of Section 307 of the Act, which stated that compensation benefits due parents of a deceased employee were limited to 500 weeks of compensation benefits, and that therefore, by such deletion the Legislature created a hiatus. The employer argues, that without such a statement in the Act providing for the number of weeks (or other duration) of payments, the Board was without legislative authority to approve the award of the Referee to the Claimants for their lifetimes. A cursory reading of the Act would lead one to agree with the employer. However, a careful reading of the Act indicates that in this same section there is

---

[1] The pertinent provisions affecting this case have been since amended. The latest amendment was by Act of March 29, 1972, P. L.    , No. 61, effective May 1, 1972.

a descriptive paragraph on limitations on payments to an employee's dependents. In this section (Section 307 (7)), we find the following language: "Should *any dependent* of a deceased employe *die* or remarry, or should the widower become capable of self-support, *the right of such dependent* or widower to compensation under this section *shall cease. . . .*" (Emphasis added.) Our reading of the 1968 provisions of the Act permits us to conclude that prior to 1968 the employer was liable for such benefits for either 500 weeks or to the date of the death of *the* survivor of the dependent parents, whichever was shorter. After the passage of the 1968 amendments, it is obvious that the Legislature eliminated the 500-week provision; and, thereafter, the dependent parents were entitled to such benefits until they died.

The employer's other contention is that the record discloses that Sweitzer paid to his parents only $15 per week in addition to other household expenses. The employer therefore argues that it would be unreasonable to permit the Board to award compensation benefits in excess of $15 a week, namely $25 per week. Here again, the language of the Act precludes such argument. Section 307(5) of the 1968 Act provides as follows: "If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, *thirty-two per centum of wages but not in excess of twenty-five dollars per week;* Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: . . ." (Emphasis added.) The legislative intent is clear in the language of this section. The statute plainly states: "thirty-two per centum *of wages* but not in excess of twenty-five dollars." (Emphasis added.) The Legislature did not say percentage of the amount contributed

to the support of the parents, but rather percentage of wages. The record indicates that Sweitzer's wages were $175 per week. Therefore, under the formula set forth in the above-quoted section of the Act, the Referee's award of $25 a week was correct.

Based upon the above, we affirm the Order of the Board and the award of the Referee, and therefore we

## ORDER

AND NOW, this 1st day of August, 1973, it is hereby ordered that judgment be entered in favor of Lee Sweitzer and Betty Sweitzer, parents of Larry E. Sweitzer, deceased, and against Stanley L. Kreider and Allen B. Shirk and Harleysville Mutual Insurance Company (Defendants), and the Defendants are directed to pay compensation at the rate of $25 per week from August 21, 1971, for Claimants' lifetimes, to terminate at the death of the survivor of them, with interest at the legal rate on deferred installments or payments, the sum of $750 for burial allowance, and all statutory medical and hospital expenses permitted under the Act, all within the terms and limits of the Pennsylvania Workmen's Compensation Act.