DeGuffroy & Associates, Inc. and Westmoreland Casualty Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Catherine C. Bianchetti, Mother of Joseph Bianchetti, Deceased, Respondents.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*H. Reginald Belden, Jr., Stewart, Belden, Herrington & Belden,* for petitioners.

*Donald R. Rigone, Fisher, Long & Rigone,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 5, 1980:

The Pennsylvania Workmen's Compensation Appeal Board (Board) awarded partial benefits to Catherine C. Bianchetti for the death of her son. De-Guffroy & Associates, Inc., and Westmoreland Casualty Company (Employer) appeal. We affirm in part and remand for computation of benefits in accordance with this opinion.

At issue are the items and amounts used to determine Bianchetti's monthly expenses and degree of dependency.

First, Employer erroneously challenges the inclusion of $153.00 for real estate repair as part of monthly expenses.

In *WJAC, Inc. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 488, 395 A.2d 710 (1979), this Court held that capital expenditures, which included a $500 new bathroom, $2072 new house siding and a $1000 stereo, could not validly be chargeable only to the year preceding the death of the decedent.

In the case at bar, the items claimed are not capital expenditures adding to the valuation of the property, but are items such as a rain spout, new roof and paint necessary to maintain the home's current value. Therefore, their inclusion as part of monthly costs was proper.

Second, Employer correctly challenges that the Board's inclusion of $30 for furniture as a monthly expense was improper. Furniture is a capital expenditure controlled by our holding in *WJAC, supra.*

Third, Employer incorrectly argues that the household utility expenses and repair costs must be allocated among the members of the household, here Mrs. Bianchetti, her daughter, and the decedent, to determine each party's fair share and to reflect the percentage decrease in such costs if Bianchetti lived alone.

Bianchetti established that her monthly costs for such items were:

| | |
|---|---|
| Gas | $ 35.00 |
| Household repairs | 153.00 |
| Electricity | 25.00 |
| Water | 6.10 |

The Board concluded that these were a fair assessment of the average cost of running the household. Employer introduced no evidence to contradict this finding or to show that such costs would be diminished

if Bianchetti resided alone. Findings of fact, if supported by competent evidence, will not be disturbed on review.

The test for dependency is twofold: whether a child's earnings were necessary to provide the parent with some of the ordinary necessities in keeping with his station in life; and whether the parent was in fact dependent upon the child at the time of the fatal accident. *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 315 A.2d 883 (1979).

Excluding the $30 per month for furniture,[1] Bianchetti had monthly expenses of at least $322.43[2] and a monthly social security income of $280. Therefore, the Board properly concluded that she was partially dependent upon the contributions of the deceased for support.

Accordingly, we

## ORDER

AND Now, this 5th day of June, 1980, the decision of the Workmen's Compensation Appeal Board, Docket No. A-75883, dated June 7, 1979, awarding partial dependency benefits to Catherine C. Bianchetti is affirmed and the case is remanded to the Board for a computation of benefits in accordance with this Order.

---

[1] And $75.00/mo. travel expense.

[2] Computed as follows:

| | |
|---|---|
| Food | $ 85.00/1 mo. |
| Lodge | 3.33 |
| Gas | 35.00 |
| Church | 10.00 |
| Repairs | 153.00 |
| Medical | 5.00 |
| Electric | 25.00 |
| Water | 6.10 |
| Clothing | 20.00 |
| Total | $342.43 |