DeGuffroy & Associates, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Bianchetti), Respondents.

Argued October 10, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*H. Reginald Belden, Jr.*, with him, *Dennis N. Persin, Stewart, Belden, Herrington & Belden,* for petitioner.

*Donald R. Rigone, Fisher, Long & Rigone,* for respondent, Catherine C. Bianchetti.

OPINION BY SENIOR JUDGE KALISH, November 21, 1985:

The claimant, Catherine C. Bianchetti, was the dependent mother of the deceased. The petitioner, De-Guffroy and Associates, Inc., filed a modification petition, contending that the claimant's status had changed, in that her income exceeded her expenses and, therefore, benefits should be terminated. The petitioner also contends that since there was a reasonable basis for filing the modification petition, attorney's fees should not have been awarded to the claimant.

The Workmen's Compensation Appeal Board (Board) affirmed the action of the referee in continuing the award to the dependent parent but reversed the referee as to attorney's fees which the referee had refused to award. The Board determined as a matter of law that the contest was unreasonable and that the employer was obligated to pay attorney's fees. We will affirm the Board in part, and remand for computation of the award of attorney's fees.

Section 307(5) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5), sets forth that a parent, dependent on the employe *"at the time of the injury",* may receive benefits. (Emphasis added.) Section 413 of the Act, 77 P.S. §772, which allows for modification or termination, has no provision for an economical change in the status of the dependent parent. The dependent parents are entitled to such benefits until they die. *Kreider v. Workmen's Compensa-*

*tion Appeal Board,* 10 Pa. Commonwealth Ct. 79, 308 A.2d 187 (1973).

Section 440 of the Act, *added by* Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996, provides that a claimant is entitled to an award of attorney's fees unless the record supports a conclusion that the employer had a reasonable ground for contesting liability. The question of reasonableness, while involving factual matters, is ultimately a question of law and therefore subject to our review. *Gunther v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 487, 444 A.2d 1342 (1982); *Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977). The Board was correct in reversing the referee and awarding attorney's fees to the claimant. In considering the reasonableness of the grounds for contesting liability, we must consider the legal issue involved. The Act and case law clearly support the dependent parent's position. To contest it was clearly unreasonable.

Because the Board did not fix the amount of attorney's fees to be awarded, the matter will be remanded for such a determination.

ORDER

The order of the Workmen's Compensation Appeal Board in A-86859, dated March 29, 1984, is affirmed in part and is remanded to the Board so that the amount of attorney's fees to be awarded to the claimant may be determined. Jurisdiction relinquished.