582 A.2d 90

**CANTON PLUMBING AND HEATING, and the Travelers Insurance Company, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ROBBINS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 13, 1990.

Decided Oct. 30, 1990.

642

Hugh F. Mundy, Dougherty, Mundy, Levanthal & Price, Kingston, for petitioners.

William A. Hebe, Spencer, Gleason & Hebe, Wellsboro, for respondent, Joyce Robbins.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Canton Plumbing and Heating (employer) and Travelers Insurance Company appeal here from an order of the Workmen's Compensation Appeal Board (Board) granting the Fatal Claim Petition of Joyce A. Robbins (claimant) under Section 307 of The Pennsylvania Workmen's Compensation Act (Act).[1]

Dale Robbins (husband) died on August 12, 1987 while in the performance of his duties for the employer. His wife, the claimant, filed a Fatal Claim Petition on February 8, 1988. At the hearing before the referee, the parties agreed that the only issue to be resolved was dependency of the claimant on her husband.

 The testimony of the claimant indicated that she and her husband had separated approximately four months prior to her husband's death and that she then began living with an elderly couple who provided her with meals and lodging in exchange for her services as a housekeeper. She indicated that she continued to be in contact with her

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 562, provides in part that "[n]o compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support."

husband on a daily basis and saw him several times a week at the marital home where she kept many of her personal belongings. She also indicated that at these meetings her husband gave her money which may have amounted to as much as forty dollars a week. This money, she stated, was used to buy cigarettes, personal items, and groceries (although she also testified that the elderly couple she lived with provided all of her meals). The referee found as a fact that the claimant was dependent upon her husband at the time of his death and awarded compensation. However, the referee also indicated in his conclusions of law that the claimant's compensation should cease as of the time she began cohabiting with Allan Preston. In its decision, the Board affirmed the referee's finding of dependency but reversed regarding the cessation of compensation as of the date of cohabiting. The Board concluded that there were no findings of fact which would indicate a meretricious relationship on the part of the claimant and that terminating her compensation on this account was in error. It is from this decision that the employer now appeals.[2]

■ The employer argues first that the evidence and testimony before the referee were insufficient to support the referee's finding that the claimant was dependent upon her husband at the time of his death. Section 307 of the Act requires that a surviving spouse who is separated from a decedent at the time of death must prove not only dependency, but also that the decedent provided a substantial portion of the claimant's support. *Globe Lining, Inc. v. Workmen's Compensation Appeal Board (Johnson)*, 121 Pa.Commonwealth Ct. 68, 550 A.2d 264 (1988). This determination is a question to be resolved by the factfinder. *Edwards v. Workmens' Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 287, 424 A.2d 616 (1981). The fact-

**2.** Our scope of review is limited to determining whether constitutional rights were violated, errors of law committed, or whether necessary findings of fact are unsupported by substantial evidence. *Nesman v. Workmen's Compensation Appeal Board (Welded Constr. Co.)*, 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988).

finder is also required to make all findings of fact necessary to the resolution of issues involved.

The referee here, however, has failed to address the question of whether the money the claimant received from her husband provided a substantial portion of her support. We have held that even a small amount of support, if used to provide the necessities of life, can constitute a substantial portion of support. *Urso v. Workmen's Compensation Appeal Board*, 39 Pa.Commonwealth Ct. 184, 394 A.2d 1322 (1978). The claimant testified that the couple she was living with at the time of her husband's death provided her with all of her meals and her lodging. She also testified, however, that she used the money her husband provided to buy cigarettes and groceries.

In light of the conflicts in the claimant's testimony, therefore, we believe that it is necessary to remand this matter for specific findings of fact regarding the amount of money the claimant received from her husband and whether this money was used to provide her with the necessities of life or whether it was more difficult for her to meet her expenses after her husband's death. *Edwards.*

The employer also argues that the referee's conclusion regarding the termination of compensation was an attempt by the referee to terminate compensation on the basis of a change in financial status, not because of a meretricious relationship.[3] The employer cites *Broadwood Chuckwagon v. Workmen's Compensation Appeal Board (Stovall)*, 112 Pa.Commonwealth Ct. 213, 535 A.2d 272 (1987), for support of the proposition that the change in the claimant's financial status when she began residing with Allan Preston warranted the termination of her compensation. *Broadwood* involved a mother who had established dependency on her deceased son due to her obligation to provide educational expenses to her minor daughter (the

---

**3.** The Board's decision mistakenly addressed the issue of a meretricious relationship. Since no such relationship has ever been alleged by the employer, we will address the issue as it was raised by the employer before both the referee and the Board.

decedent's sister) until she reached eighteen. We ruled that, because the mother's obligation to provide educational expenses would cease when the daughter reached eighteen, the reason for the mother's dependency would also cease and her compensation should terminate as of that date. We reasoned that, because the mother was receiving compensation "on account of" the minor daughter, Section 307 of the Act provided for the termination of this compensation when the daughter reached eighteen.

The case before us now differs substantially from *Broadwood* in that the claimant/widow is seeking compensation based upon her own dependency rather than dependency due to an obligation to support a minor child. Under Section 307 of the Act, only four reasons are provided that will terminate the compensation of a widow:[4] death, remarriage, involvement in a meretricious relationship, or living a life of prostitution. None of these situations has been alleged by the employer and obviously, cohabiting is not included in this list. Because of the remedial nature of the Act, we will not attempt to expand the provisions which are cause for termination of a widow's compensation when the legislature has seen fit to specifically limit them.

Accordingly, we will vacate the decision of the Board and remand this matter so that specific findings of fact may be made with regard to whether the claimant was receiving a substantial portion of her support from her husband at the time of his death.

COLINS, J., dissents.

## ORDER

AND NOW, this 30th day of October, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and this case is remand-

---

**4.** We note that, while we have found no case law on point, a widow's benefits might be terminated if she became capable of self-support. *Oknefski v. Workmen's Compensation Appeal Board,* 63 Pa.Commonwealth Ct. 450, 439 A.2d 846 (1981).

ed with direction that further findings of fact be made in accordance with this opinion.

Jurisdiction relinquished.