669 A.2d 329

LINEAL INDUSTRIES, INC. and Glenn
Falls Insurance Company

v.

WORKER'S COMPENSATION APPEAL BOARD (Else
B. ESSEL, Mother of Brian K. Adams, Deceased).

Appeal of Else B. Essel.

Supreme Court of Pennsylvania,
Western District.

Submitted Oct. 27, 1995.

Decided Dec. 29, 1995.

596

J. Bradley Kearns, Pittsburgh, for Else Essel.

Steven L. Morrison, Pittsburgh, for Lineal Industries, Inc. and Glenn Falls Ins. Co.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

FLAHERTY, Justice.

At issue in this case is whether a claimant in a fatal claim petition requesting compensation under section 307 of the Pennsylvania Workmen's Compensation Act[1] sustained her burden of proof that she was "dependent" upon her deceased child and therefore entitled to compensation under the act.

On November 9, 1990, Else B. Essel filed a fatal claim petition with the Bureau of Worker's Compensation requesting compensation based on the death of her son, Brian K. Adams, who died as a result of work-related injuries on October 2, 1990. At hearings before a referee, claimant testified that she is a sixty-year-old widow, that her son provided financial support for her from 1989, while he was in the Navy, until his death in October 1990. He was discharged from the Navy in August 1990, moved in with his mother

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 562.

shortly thereafter, and went to work for Lineal Industries. Mrs. Essel also introduced evidence of her income and expenses. Her expenses included monthly mortgage payments ranging from $193.79 to $387.58 for a vacation home-trailer purchased in 1987 for $13,500. The referee found that the son was single, without dependent children, living with his widowed mother, and earning $425 per week at the time of his death. He also found that the mother's average monthly income was $1322, her average monthly expenses were $1400, and that her son contributed approximately $583 per month to his mother from January 1990 through September 1990. The referee concluded, therefore, that Mrs. Essel had sustained her burden of proof that she was partially dependent upon her son at the time of his death and that she was entitled to compensation under the fatal claim petition.

The Workmen's Compensation Appeal Board affirmed the referee's determination and the employer appealed to Commonwealth Court. Commonwealth Court reversed, holding that the cost of Mrs. Essel's vacation trailer-home was not an ordinary necessity of life and, therefore, should have been excluded from the referee's calculation of expenses. Had it been excluded, Mrs. Essel's expenses would not have exceeded her income and she would not, therefore, be "dependent" under the act.

We granted Mrs. Essel's petition for allowance of appeal to review Commonwealth Court's interpretation of the statutory requirement of dependency under the act.

Section 307 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 561, provides for compensation benefits to dependent parents of a deceased employee as follows:

> In case of death, compensation shall be computed on the following basis, and distributed to the following persons.... If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent *to any extent* upon the employee at the time of the injury....

(Emphasis added.) Commonwealth Court has described a parent's dependency under the act as follows:

The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death.... If the contribution of the deceased child were necessary to maintain the parents in an established reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child.

*Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Cmwlth. 417, 420, 315 A.2d 883, 885 (1974) (Citations omitted).

■ Our standard of review is whether the necessary findings of fact are supported by substantial evidence, whether the lower court committed an error of law, or whether constitutional rights have been violated. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board*, 531 Pa. 287, 612 A.2d 434 (1992).

Mrs. Essel's view is that Commonwealth Court's holding that the vacation home was excludable from the dependency calculation because it was not an "ordinary necessity of life" was error. We will address this claim after first considering the employer's arguments that in addition to the vacation home matter, other considerations defeat appellant's claim for compensation.

■ To begin with, the employer asserts that the referee erred in calculating the claimant's income at $1322 per month and her expenses at $1400 per month. In support of this claim, the employer points out that included in claimant's expenses is the cost of a headstone for her son, a capital expense that should be excluded from the calculation of ordinary monthly expenses, and that if the cost of the headstone is removed, claimant's expenses would be $1362 per month. Employer also asserts that the referee erred in calculating Mrs. Esser's monthly income at $1322 and that it should have been calculated at $1391.78.

The argument as to Mrs. Esser's income fails because the employer has not preserved the issue of claimant's income for review.[2] The income, therefore, for purposes of this appeal, remains at $1322 as set by the referee, and even if the expenses are adjusted downward to $1362, as argued by the employer, the expenses still exceed the income and dependency is not defeated.[3]

■ Next the employer argues that if claimant is allowed to include the monthly expense for her trailer-vacation home, and if she is awarded benefits, the benefits should cease as of October 1994, when the trailer will be paid for.

The statutory scheme provides for limitations upon payment of compensation to various categories of beneficiaries. Section 307 provides for compensation to any child, brother or sister,

2. See employer's Appeal and Request for Supersedeas before the Worker's Compensation Appeal Board, which states, in pertinent part:

6. This appeal is from referee's finding of fact number 8, 9, and 13. These are contrary to the law and not supported by substantial competent evidence.

The referee's Findings of Fact which were appealed are as follows:

8. At that time, the family's monthly expenses were about $1,400.00 excluding October 1990.

9. At that time, decedent's average monthly contribution toward those expenses was about $583.00 from January 1990 through September 1990. Since Claimant's Exhibit # 3 starts with January 1990, that date is used here also.

13. Claimant sustained her burden of proving that she was partially dependent upon decedent at the time of his fatal, work-related injuries.

The referee's finding which employer did *not* appeal from was number 7:

7. Excluding decedent's income and contributions, the family's total monthly income at that time was about $1,322.00.

3. Appellee also argues that claimant's expenses will decrease by at least $100 per month because of the death of her son, thus reducing her expenses to about $1300 per month, less than her income. An examination of claimant's monthly expenses from January 1990 through December 1990, however, reveals that claimant's expenses remained fairly constant: the average monthly expense for food and personal items over twelve months was $617, and for the two months claimant's son lived with her, it was $637 per month. Average monthly expense for utilities over twelve months was $204 and for the two months claimant's son lived with her, utility expense was $170 per month. We conclude, therefore, that claimant's monthly expenses would not measurably decrease after her son's death.

for example, "only if and while such child, brother, or sister is under the age of eighteen unless such child, brother or sister is dependent because of disability ..." or until the child, brother or sister reaches twenty-three if he is enrolled in an accredited educational institution. There are also restrictions upon compensation to surviving spouses and "dependents":

> Should any dependent of a deceased employee die or remarry, or should the widower become capable of self-support, the right of such dependent or widower to compensation under this section shall cease except that if a widow remarries, she shall receive one hundred four weeks compensation at a rate computed in accordance with clause 2 of section 307 in a lump sum after which compensation shall cease.

> . . . . .

77 P.S. § 562. According to this provision, compensation payable to a dependent (the status sought by Mrs. Essel) ends (a) upon the death of the dependent or (b) upon the dependent's remarriage. Compensation payable to a surviving spouse ends (a) when the surviving spouse dies, (b) when the surviving spouse becomes capable of self-support, or (c) upon remarriage of the surviving spouse.

In sum, section 307 sets limits upon compensation payable to children, brothers, sisters, dependents, and surviving spouses of the deceased. Mrs. Essel is not a child, brother, sister or widow of the deceased; rather, she is, in the terms of the statute, a "dependent." Benefits to Mrs. Essel, therefore, are payable under the portion of the statute governing dependents. The statute terminates a "dependent's" benefits upon death or remarriage. It does not provide other possible conditions for termination, as it does for children, brothers, sisters, widows and widowers. We conclude, therefore, that once benefits are paid to a parent who is dependent, they are payable until the parent's death or remarriage.

■ The question remains, however, whether Commonwealth Court was correct in holding that the monthly payment for the trailer-vacation home was excludable from the dependency calculation because it was not an "ordinary necessity of

life." The employer asserts that the mortgage payment for a second home "cannot be considered a necessary and ordinary expense," and concludes that such an expense, therefore, is not includable in the calculation of dependency.

■ It will be recalled that Commonwealth Court in *Leipziger v. Workmen's Compensation Appeal Board* stated: "The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position," 12 Pa.Cmwlth. at 420, 315 A.2d at 885, supra. We agree with this interpretation of "dependency" under section 307.

■■ In order to be eligible for compensation, the father or mother must "to any extent" be dependent upon the financial contributions of the deceased child. This means, simply, that when normal monthly bills extant at the time of the child's death are set off against normal monthly income of the parent, there is a deficit, absent the child's contribution. Further, in order to qualify as "dependent," these regular monthly expenditures must be reasonable in light of the life circumstances of the parent at the time of the child's death.

Here, the purchase of the trailer-vacation home occurred three years prior to the decedent's death while Mrs. Esser's husband was still living. The record indicates that Mrs. Essel acquiesced in her late husband's desire to purchase the property. The total purchase price of the trailer-vacation home was $13,500 and it was to be paid off at the rate of approximately $194 per month over a period of seven years. Mrs. Esser did not incur this expense after her son's death, but rather, it was a financial reality and a financial burden at the time of his death. Further, it was an expense appropriate to her life circumstances that was incurred at a time when she reasonably expected to be able to afford it. It is not, therefore, an unreasonable expense and is includable in her expenses for purposes of calculating her dependency under the act.

Order of Commonwealth Court is reversed and the order of the Workmen's Compensation Appeal Board is reinstated.

ZAPPALA, J., files a concurring opinion.

CAPPY, J., concurs in the result.

MONTEMURO, J., files a dissenting opinion in which CASTILLE, J., joins.

MONTEMURO, J., is sitting by designation as a senior judge as provided by Rule of Judicial Administration 701(f).

ZAPPALA, Justice, concurring.

I join in the majority opinion as I find it to be a proper interpretation of the current law of this Commonwealth. As noted, Section 307 of the Pennsylvania Workers' Compensation Act, 77 P.S. § 561, provides that compensation shall be distributed to a parent of the deceased employee if the parent was dependent "to any extent" upon the employee at the time of the injury. Furthermore, case law has developed defining the test for dependency as whether or not the employee's earnings were needed to provide the parent with some of the ordinary necessities of life **suitable for persons in their class and position.** Majority at 331.

As it appears that the vacation home fell within this definition, I believe the majority's analysis is correct. However, since "ordinary necessities of life" are not statutorily defined, I question a case by case examination of what is "necessary" for a particular class. Such an indefinite analysis leaves room for rewarding the extravagant while penalizing the frugal. I would respectfully request that this issue be reexamined by the Legislature. A statutory definition of what constitutes "ordinary necessities of life" would be beneficial to the bench and bar alike.

MONTEMURO, Justice, dissenting.

The majority concludes that in order to be eligible for workmen's compensation benefits as a "dependent" of a deceased child, the parent simply must be dependent upon the

financial contributions of the deceased child to any extent. In determining what qualifies as "to any extent," the majority believes that a rudimentary mathematical calculation which pits normal monthly bills against normal monthly income will be dispositive of the issue, as long as the normal monthly expenses exceed the normal monthly income and further provided that the monthly expenses are reasonable in light of the parent's station in life. Because I do not believe that such an arbitrary standard should be applied, I must dissent.

Our legislature has provided that:

**§ 561. Persons entitled to compensation on death of employe; amounts**

In case of death, compensation shall be computed on the following basis, and distributed to the following persons: Provided, That in no case shall the wages of the deceased be taken to be less than fifty per centum of the Statewide average weekly wage for purposes of this section:

\*     \*     \*     \*     \*     \*

5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, **if dependent to any extent upon the employe at the time of the injury,** thirty-two per centum of wages but not in excess of the Statewide average weekly wage: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the injury, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of the Statewide average weekly wage.

77 P.S. § 561 (emphasis supplied).

It is well established that the test for determining dependency under this section is:

whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon

the child at the time of the accident causing his death. If the contribution of the deceased child were [sic] necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child.

*Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commw. 417, 420, 315 A.2d 883, 885 (1974) (citations omitted). Moreover, "[t]he term 'dependency' as used in Section 307(5) [77 P.S. § 561] contemplates **'actual dependency'**...." *Haller v. W.C.A.B. (Rainbow Sign Services),* 153 Pa.Commw. 149, 153, 620 A.2d 657, 659 (1993) (emphasis supplied). Furthermore, the Commonwealth Court has held that "[o]rdinary necessities do not include such 'capital expenditures' as new siding for the claimant's house or furniture and amounts expended for such items are not properly chargeable to the claimant's expenses in the year of the child's death." *No. 1 Contracting Corp. v. W.C.A.B. (Van Horn),* 74 Pa.Commw. 340, 346, 460 A.2d 374, 377 (1983) (citing *DeGuffroy & Associates v. Workmen's Compensation Appeal Board,* 52 Pa. Commw. 58, 415 A.2d 437 (1980)). *See also Cook v. Workmen's Compensation Appeal Board,* 64 Pa.Commw. 278, 440 A.2d 652 (1982) (wherein the Commonwealth Court recognized that expenses for college tuition of adult children should not be considered in the parent's expenses because, while important, an education is not one of the ordinary necessities of life suitable for persons in the parent's class).

Without addressing the Act's overall objective to provide compensation to individuals who are **actually** dependent, the majority simply concludes that the cost of maintaining a vacation home is an expense appropriate to Claimant's life circumstances. I disagree. I do not believe that a vacation home is one of the **ordinary necessities of life** which our legislature sought to protect. Rather, I agree with the Commonwealth Court that just as capital expenditures and college educations are not considered to be "necessities of life," the cost of maintaining a vacation home cannot be considered a necessity of life either. Therefore, I would affirm the Com-

monwealth Court's decision to exclude this expense from the referee's calculation.[1]

CASTILLE, J., joins in this Dissenting Opinion.

1. Alternatively, I also dissent from the majority's conclusion that "once benefits are paid to a parent who is dependent, they are payable until the parent's death or remarriage." Op. at 601. Contrary to the majority's cursory analysis of this point, the Commonwealth Court has recognized that the resolution of this question is not as simple as it may seem. *Claws Refuse v. W.C.A.B. (Squires)*, 164 Pa.Commw. 424, 643 A.2d 742 (1994). In that case, the Commonwealth Court noted that, " '[t]his issue has been the subject of several Commonwealth Court decisions. *Kreider vs. Workmen's Compensation Appeal Board*, 10 Pa. Comwlth.Ct. 79, 308 A.2d 187 (1973) and *Broadwood Chuckwagon v. Workmen's Compensation Appeal Board*, 112 Pa.Comwlth.Ct. 213, 535 A.2d 272 (1987). The cases hold that dependent parents were entitled to benefits until they died.' " *Claws Refuse*, 164 Pa.Commw. at 427–28, 643 A.2d at 744 (citing Decision of the Board, November 30, 1993, pp. 3–4). After reviewing the several cases and addressing the equities of the situation in light of the intent of the Act, the Court held that:

> fatal claim benefits to a dependent can be limited in duration where, as in this case, the limitation is for financial reasons—i.e., financial dependency in fact no longer exists at some point—and is performed at the initial determination of dependency. We therefore are bound to follow [*Broadwood*], despite some of the language in *Canton Plumbing [and Heating v. Workmen's Compensation Appeal Board (Robbins)*, 135 Pa.Commw. 641, 582 A.2d 90 (1990)].

*Claws Refuse*, 164 Pa.Commw. at 431, 643 A.2d at 746.

In this case, as the majority notes, Claimant's average monthly income was $1,322.00, while her average monthly expenses were $1,400.00, including monthly mortgage payments on the vacation home which ranged from $193.79 to $387.58. As of October 1994, when the mortgage on the vacation home should have been paid in full, Claimant's expenses would no longer be greater than her income, and as such, any benefits awarded under the majority's analysis should have been limited to the period of the mortgage.